

FILED
CLERK, U.S. DISTRICT COURT
AUG 15 2023
CENTRAL DISTRICT OF CALIFORNIA
BY              DEPUTY

# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSE ANTONIO BARRAJAS,<br><br>Defendant. | Case No. CR 23-00026-MCS<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 32.1(a)(6);<br>18 U.S.C. § 3143(a)(1)] |

I.

On August 15, 2023, Defendant made his initial on the petition for revocation of supervised release and warrant for arrest issued on June 27, 2023. Deputy Federal Public Defender ("DFPD"), Shannon Coit, was appointed to represent Defendant. The government was represented by Assistant U.S. Attorney Danny Weiner. Defendant submitted on the recommendation of detention by Pretrial Services.

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release,

The Court finds that:

A. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ the petition alleges that Defendant failed to comply with supervised release conditions by (1) using methamphetamine on various dates in November 2022, and on February 10, 2023, and April 17, 2023; (2) failing to report for drug testing on February 8, 2023, March 24, 2023 and April 13, 2023; (3) failing to complete - and being unsuccessfully discharged from – residential drug treatment on June 4, 2023 when he voluntarily left the facility; and (4) failing to report to his U.S. Probation officer after leaving the residential drug treatment facility, failing to report a change of address, and failing to return phone calls from his probation officer.
>
> ☒ Defendant's whereabouts are unknown.

B. ☒ Defendant has not carried his burden of establishing by clear and convincing evidence that Defendant will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:

> ☒ allegations in the petition (see above);
> ☒ Criminal history includes convictions for domestic violence, battery and sex with a minor.

III

IT IS THEREFORE ORDERED that the defendant is remanded to the custody of the U.S. Marshal pending further proceedings in this matter.

Dated: August 15, 2023

                                              /s/
                                    ALKA SAGAR
                      UNITED STATES MAGISTRATE JUDGE